**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000373
30-JUN-2017
03:36 PM**

NO. CAAP-16-0000373

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
PAUL STEPHEN GLEED, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTC-15-052965)

SUMMARY DISPOSITION ORDER
(By: Fujise and Reifurth, JJ., and
Nakamura, C.J., concurring separately)

Defendant-Appellant Paul Stephen Gleed appeals from the Judgment and Notice of Entry of Judgment, filed on March 4, 2016 in the District Court of the Third Circuit ("District Court").[1] Gleed was convicted of Excessive Speeding, in violation of Hawaii Revised Statutes section 291C-105(a)(2) (2007).

On appeal, Gleed contends that: (1) the charge was insufficient for failing to allege that the offense occurred on a highway; (2) the District Court failed to conduct an adequate colloquy under *Tachibana v. State*, 79 Hawaiʻi 226, 900 P.2d 1293 (1995) and failed to obtain a waiver of his right to testify; (3) the District Court erred by admitting the radar gun speed reading because it lacked proper foundation; and (4) the District Court

---

[1] The Honorable Margaret M. Masunaga presided.

plainly erred by admitting Gleed's traffic citation into evidence because it was not relevant and was hearsay.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Gleed's points of error as follows:

In conducting the "ultimate" *Tachibana* colloquy, the District Court did not obtain an on-the-record waiver of the right to testify directly from Gleed, but instead accepted the implicit representation of Gleed's counsel that Gleed did not want to testify. In doing so, the District Court failed to comply with the requirements of *Tachibana* and failed to obtain a valid waiver of Gleed's right to testify. *State v. Staley*, 91 Hawai'i 275, 286-87, 982 P.2d 904, 915-16 (1999). This error was not harmless beyond a reasonable doubt. *See State v. Hoang*, 94 Hawai'i 271, 279-90, 12 P.3d 371, 379-80 (App. 2000)); *State v. Cooper*, No. CAAP-15-0000646, 2017 WL ____, at *_ (Hawai'i App. June 28, 2017).

We consider then whether there was sufficient evidence to warrant remand for further proceedings or whether the judgment should be reversed. Gleed contends that the radar speed reading should not have been admitted into evidence because Hawai'i Police Department Officer Kimo Keliipaakaua's testimony regarding a manual was hearsay and violated the best evidence rule and there was insufficient evidence that Officer Keliipaakaua was qualified to operate the radar gun and that the radar gun was tested according to the manufacturer's requirements.

Here, the State failed to lay a sufficient foundation that Officer Keliipaakaua was qualified to operate the radar device used to determine the speed of Gleed's car. *See State v. Amiral*, 132 Hawai'i 170, 178-79, 319 P.3d 1178, 1186-87 (2014); *State v. Gonzalez*, 128 Hawai'i 314, 327, 288 P.3d 788, 801 (2012); *Cooper*, 2017 WL ____, at *_.

Based on the foregoing, we need not address Gleed's first and fourth points of error and we reverse Gleed's conviction and the Judgment and Notice of Entry of Judgment,

filed on March 4, 2016 in the District Court of the Third Circuit.

DATED: Honolulu, Hawai'i, June 30, 2017.

On the briefs:

Antoinette V. Lilley,
Deputy Public Defender,
for Defendant-Appellant.

David Blancett-Maddock,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

3

CONCURRING OPINION BY NAKAMURA, C.J.

I concur with the majority's decision. In determining whether a sufficient foundation has been laid that a police officer is qualified to operate a speed detection device, the existing precedents of the Hawai'i Supreme Court have focused on whether the State has shown that the officer's training met the requirements indicated by the manufacturer of the device. See State v. Amiral, 132 Hawai'i 170, 178-79, 319 P.3d 1178, 1186-87 (2014); State v. Gonzalez, 128 Hawai'i 314, 327, 288 P.3d 788, 801 (2012). It is not clear that the manufacturer of the radar device used in this case has actually established any specific training requirements. In this case, Officer Kimo Keliipaakau, the officer who used the radar device, testified that the manufacturer did not require special training to use the radar device. See also State v. Ramos, No. CAAP-12-0000138, 2014 WL 2694230, at *8 (Hawai'i App. June 13, 2014) (SDO) (Nakamura, C.J., concurring) ("In this appeal, the State of Hawai'i (State) represents that the manufacturer of the laser gun used in this case has not set forth specific training requirements for the operation of the laser gun."). Obviously, it would be difficult to lay a foundation based on training requirements indicated by the manufacturer if the manufacturer had not established any specific training requirements.

Hawai'i Supreme Court precedents have imposed two basic requirements for laying a foundation for the admission of speed readings from speed detection devices, such as a radar device and a laser gun, that are based on accepted scientific principles. A sufficient foundation can be laid by showing: (1) the device was tested in accordance with accepted procedures to determine that it was functioning properly or was in good working order (the "proper functioning prong"); and (2) the operator was qualified by training and experience to operate the device (the "qualified operator prong"). State v. Tailo, 70 Haw. 580, 582, 779 P.2d 11, 13 (1989) ("The accuracy of a particular radar unit can be established by showing that the operator tested the device in accordance with accepted procedures to determine that the unit was functioning properly and that the operator was qualified by

training and experience to operate the unit." (internal quotation marks and citation omitted); see State v. Eid, 126 Hawai'i 430, 443-44, 272 P.3d 1197, 1210-11 (2012). These two requirements are separate and distinct. Proof that a speed detection device was tested in accordance with accepted procedures and found to be in good working order, i.e., satisfying the proper functioning prong, is not sufficient to lay the foundation for admission of a speed reading produced by the device. Proof that the operator of the device was qualified to operate it, i.e., satisfying the qualified operator prong, it is also required. This is because there is no assurance that a device in good working order will produce accurate results if it is used by someone who is not qualified to operate it.

With respect to the qualified operator prong, the evidence presented in this case is that there are no special training requirements indicated by the manufacturer of the radar device used by Officer Keliipaakau. That should not mean, however, that it is impossible to lay an adequate foundation that Officer Keliipaakau was qualified to operate the device. The purpose of requiring proof that the operator was qualified to operate the device is to provide assurance that the speed reading produced by the operator's use of the device can be relied upon as being accurate. It seems to me that proof that the operator was qualified to operate a speed detection device can be shown in a variety of ways, which is not restricted to proof that the operator met training requirements indicated by the manufacturer.[1] The key question is whether the operator was

---

[1] Even though Officer Keliipaakau testified that the manufacturer of the radar device did not require special training to use the device, the State of Hawai'i (State) attempted to show that Officer Keliipaakau's training met the requirements indicated by the manufacturer by eliciting Officer Keliipaakau's testimony that he received training to be a certified instructor through the manufacturer of the radar device. The reason that compliance with training requirements indicated by the manufacturer is sufficient to show that a person is qualified to operate the device is because we naturally assume that the manufacturer of a speed detection device knows what is necessary to operate the device to obtain accurate speed readings. We therefore conclude that compliance with training requirements indicated by the manufacturer ensures that the person receiving such training is qualified to operate the device. The same reasoning, assumption, and conclusion applies to training provided or conducted by a representative of the manufacturer. Just as compliance with
(continued...)

-2-

qualified to use the device to obtain accurate speed readings, and the focus in laying an adequate foundation should be on presenting evidence showing that this question can be answered affirmatively. Thus, in my view, the requisite foundation for the qualified operator prong can be established by showing, for example, that the operator had passed a test designed to verify the operator's ability to use the device accurately to obtain a vehicle's speed or that the officer had otherwise demonstrated the ability to obtain speed readings that were shown to be accurate.

In this case, the State of Hawai'i (State) failed to present evidence demonstrating Officer Keliipaakau's competency or proficiency in operating the radar device to obtain accurate speed readings. While the State presented evidence that Officer Keliipaakau had undergone training on how to use the radar device, the State did not present evidence on the nature of that training or indicate how the training was designed to demonstrate Officer Keliipaakau's ability to use the radar device to obtain accurate readings of a vehicle's speed. Had Officer Keliipaakau been tested to determine if he was able to use the radar device to obtain accurate speed readings? Did he, for example, participate in a field test in which he was asked to use the device to obtain speed readings on vehicles traveling at known speeds? Did he pass any such tests? Was there other evidence that would show he had used the device in the past to obtain accurate speed readings? In what manner was Officer Keliipaakau's training designed to ensure that he was qualified and competent to use the device to obtain accurate speed

---

[1] (...continued)
training requirements indicated by the manufacturer would demonstrate that a person is qualified to operate the device, so would the successful completion of training provided or conducted by a representative of the manufacturer. In this case, however, while Officer Keliipaakau referred to receiving training to be a certified instructor "through the actual manufacturer," he did not provide any details concerning the training he received, and he did not indicate whether he had completed the training or had been certified as an instructor or in the use of the radar device. Thus, while proof that Officer Keliipaakau had successfully completed training provided or conducted by a representative of the manufacturer would, in my view, have been sufficient to satisfy the qualified operator prong, the State did not present such evidence.

-3-

readings?  Did he receive a certification or other indication showing that he successfully completed the training?  What was required for him to receive such a certification or to show that he successfully completed the training?

The State failed to provide answers to any of these questions or to otherwise present evidence tending to show that Officer Keliipaakau was able to use the device to obtain accurate speed readings.  It therefore failed to satisfy the qualified operator prong of the requirements for laying a sufficient foundation to admit the speed reading.

*Craig H. Nakamura*